Filed 11/18/24  P. v. Walkey CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for
publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication
or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FREDERICK WALKEY,<br><br>    Defendant and Appellant. | D082790<br><br><br>(Super. Ct. No. CRN8555) |

APPEAL from an order of the Superior Court of San Diego County, David G. Brown, Judge.  Reversed and remanded.

William J. Capriole, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa A. Mandel, James M. Toohey and Joseph C. Anagnos, Deputy Attorneys General, for Plaintiff and Respondent.

Frederick Walkey appeals from an order denying his petition for resentencing filed pursuant to Penal Code section 1170.95[1] (now section 1172.6).[2] He contends his petition established a prima facie claim for relief requiring the trial court to issue an order to show cause. The People concede the trial court erred in denying Walkey's petition because the record of conviction does not establish Walkey is ineligible for resentencing relief as a matter of law. We accept the People's concession and remand the case with directions for the trial court to issue an order to show cause and conduct an evidentiary hearing.

## I. Factual and Procedural Background

In 1983, Frederick Walkey was involved in an incident that resulted in the death of a two-year-old child. In 1984, a jury found Walkey guilty of first degree murder by means of torture (§§ 187, subd. (a), 189, subd. (a)—count 1); and child endangerment (§ 273a, subd. (1)— count 2). The trial court sentenced Walkey to 25 years to life. Walkey appealed, and this Court reduced the defendant's conviction to second degree murder because the evidence was insufficient to show that he intended to torture his victim. (*People v. Walkey* (1986) 177 Cal.App.3d 268, 271 (*Walkey*).) Walkey was resentenced to prison for 15 years to life.

In 2022, appellant filed a petition for vacatur of his murder conviction and for resentencing under current section 1172.6. The trial court denied this petition at the prima facie stage, stating that Walkey was not entitled to relief because he was the actual killer.

---

[1] All further statutory references are to the Penal Code.

[2] We refer to the statute by its current number throughout the remainder of this opinion.

## II. Discussion

### A.     Section 1172.6

When presented with a petition seeking relief under section 1172.6, the trial court must first determine whether the petitioner has made a prima facie case for relief. (§ 1172.6, subd. (c).) Where a petitioner makes the requisite prima facie showing he or she falls within the provisions of section 1172.6 and is entitled to relief, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts. (§ 1172.6, subds. (c) & (d)(1).)

The court may rely on the record of conviction in determining whether a prima facie showing has been made. (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) However, "[w]hile the trial court may look at the record of conviction . . . to determine whether a petitioner has made a prima facie case for section [1172.6] relief, the prima facie inquiry under subdivision (c) is limited." (*Lewis,* at p. 971.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.) "Rather, it should decide such issues only after issuing an order to show cause and holding an evidentiary hearing." (*People v. Duchine* (2021) 60 Cal.App.5th 798, 811.)

### B.     The Superior Court Erred in Denying Walkey's Petition Without Issuing an Order to Show Cause

The People concede the record of conviction in this case does not establish Walkey is ineligible for relief under section 1172.6 as a matter of law. We agree and accept the concession.

In denying Walkey's petition, the trial court asserted that Walkey is precluded from relief for a claim under section 1172.6 because he was the

"actual killer." This conclusion of fact was premised upon the facts described in the opinion of the Court of Appeal from Walkey's direct appeal, which had been attached to the People's response to Walkey's petition. However, as noted above, the trial court is prohibited from engaging in factfinding at the prima facie stage; and moreover, the opinion's discussion of the facts could not be considered by the trial court on a petition under section 1172.6. (See *People v. Beaudreaux* (2024) 100 Cal.App.5th 1227, 1238 [concluding that the Legislature intended to prohibit consideration of the summary of facts in an appellate decision, both at the prima facie stage and at the evidentiary hearing].) The trial court was not provided with any part of the record of conviction that could establish that Walkey was the actual killer. Thus, the court erred in denying Walkey's petition at the prima facie stage based upon the facts discussed in the appellate decision.

### III.  Disposition

The order denying Walkey's petition for resentencing under section 1172.6 is reversed.  The matter is remanded to the trial court with directions to issue an order to show cause and conduct an evidentiary hearing as required by statute.  We express no opinion on the appropriate outcome of such hearing.


KELETY, J.

WE CONCUR:


DATO, Acting P. J.


CASTILLO, J.